UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
XING MIN ZHUANG,

                              Plaintiff,

                -against-

CITY OF NEW YORK; Detective ADOLPH OSBACK, Shield No. 4921; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

15 CV 6325

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

6. This Court has supplemental jurisdiction over the claims brought pursuant to the Administrative Code of the City of New York because they are so related to plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Xing Min Zhuang is a resident of Queens County in the City and State of New York.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer Adolph Osback, Shield No. 4921 ("Osback"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Osback is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On or about May 26, 2007, at approximately 10:00 p.m., Mr. Zhuang was lawfully present in the vicinity of his apartment.

15. An individual unknown to Mr. Zhuang approached him and began a conversation.

16. Unbeknownst to Mr. Zhuang, the individual was a defendant undercover police officer.

17. Mr. Zhuang, never engaged in suspicious or criminal activity and was not otherwise breaking the law.

18. Thus lacking even arguable probable cause, defendant officers nevertheless violently arrested Mr. Zhuang and took him to a police precinct.

19. At the precinct, the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff engage in drug related offenses and prepared false paperwork, including an arrest report, to that effect.

20. At no point did the officers observe Mr. Zhuang engage in unlawful behavior of any kind.

21. After spending approximately twenty-four hours in custody, Mr. Zhuang was arraigned on the false charges and released on his own recognizance.

22. The prosecution of Mr. Zhuang was long and tortured.

23. Over the course of ninety-two months, Mr. Zhuang appeared in court repeatedly, at one point pleading guilty to a violation on the advice of counsel, participated on behalf of the government in the perjury and "flaking" prosecution of a defendant officer, and ultimately moved successfully for the dismissal of the false charges against him.

24. All charges were dismissed on January 28, 2015.

25. Within ninety days after the claim alleged in this Complaint arose, a

written notice of claim was served upon defendants at the Comptroller's Office.

26. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27. This action has been commenced within one year and ninety days after accrual of the claims herein.

28. Upon information and belief, defendants took law enforcement action with regard to Mr. Zhuang based solely on his actual and/or perceived national origin, race and/or ethnicity. In short, the defendants targeted Mr. Zhuang because they believed language and cultural barriers would hinder his ability to defend the false charges against him.

29. These events had a profoundly life-altering impact on Mr. Zhuang. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38. Plaintiff was conscious of his confinement.

39. Plaintiff did not consent to his confinement.

40. Plaintiff's confinement was not otherwise privileged.

41. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### State Law Malicious Prosecution

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

49. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with drug related offenses. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

50. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

51. All charges were terminated in plaintiff's favor.

52. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer

of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial of Constitutional Right to Fair Trial

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants created false evidence against plaintiff.

56. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

57. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Negligence; Negligent Hiring/Training/Retention

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

61. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

63. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining and retaining these defendants proximately caused each of plaintiff's injuries.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

67. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

68. Defendants, their officers, agents, servants and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

72. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

73. Defendants, their officers, agents, servants and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## TENTH CLAIM
### Failure to Intervene

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## ELEVENTH CLAIM
### Bias-Based Profiling

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. In initiating law enforcement action against Mr. Zhuang based on his actual and/or perceived national origin, ethnicity and/or race rather than Mr. Zhuang's behavior or other information linking him to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

81. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## TWELFTH CLAIM
*Monell*

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. Plaintiff's constitutional injury was directly caused by the defendant Municipality's policy and practice of tolerating and ratifying conduct, such as that at issue here, involving the purposeful "flaking" of evidence to improve officer's own employment prospects, achieve quotas and bolster the arrest statistics of their units and the NYPD overall.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated: November 4, 2015
New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

Kim E. Richman
THE RICHMAN LAW GROUP
81 Prospect Street
Brooklyn, New York 11201
(212) 687-8291
krichman@richmanlawgroup.com

*Attorneys for plaintiff*