UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

XING MIN ZHUANG,                                        15-CV-06325

                                Plaintiff,              **ANSWER**

                -against-                               **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, et al.

                                Defendants.
-------------------------------------------------------x

   Defendant, The City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, filed November 4, 2015, respectfully:

   1.  Denies the allegations in paragraph 1 of the complaint, except admits that plaintiff has commenced an action as set forth therein.

   2.  Denies the allegations in paragraph 2 of the complaint, except admits that plaintiff has commenced an action as stated therein.

   3.  Denies the allegations in paragraph 3 of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

   4.  Denies the allegations in paragraph 4 of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

   5.  Denies the allegations in paragraph 5 of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

   6.  Denies the allegations in paragraph 6 of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

7.      States that paragraph 7 of the complaint is a jury demand and is therefore not an allegation to which responsive pleading is required.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.      Denies the allegations in paragraph 9 of the complaint, except admits that the City maintains a police department and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

10.      Denies the allegations in paragraph 10 of the complaint, except admits that as of May 26, 2007, Adolph Osback was employed by the City as a police officer, and admits that plaintiff purports to proceed against Mr. Osback as stated therein.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13.      States that the allegations in paragraph 13 of the complaint are legal conclusions that do not require a response.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18.     Denies the allegations in paragraph 18 of the complaint.

19.     Denies the allegations in paragraph 19 of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21.     Denies the allegations in paragraph 21 of the complaint.

22.     Denies the allegations in paragraph 22 of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24.     Admits on information and belief the allegations in paragraph 24 of the complaint.

25.     Denies the allegations in paragraph 25 of the complaint, except admits on information and belief that a document purporting to be a notice of claim was received by the Comptroller's Office on or about March 19, 2015.

26.     Denies the allegations in paragraph 26 of the complaint, except admits that more than 30 days have elapsed and that plaintiff's claim has not been adjusted or paid.

27.     Denies the allegations in paragraph 27 of the complaint, except admits that this action was filed on November 4, 2015.

28.     Denies the allegations in paragraph 28 of the complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30.     In response to the allegations in paragraph 30 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

31.     Denies the allegations in paragraph 31 of the complaint.

32.     Denies the allegations in paragraph 32 of the complaint.

33.     In response to the allegations in paragraph 33 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

34.     Denies the allegations in paragraph 34 of the complaint.

35.     Denies the allegations in paragraph 35 of the complaint.

36.     In response to the allegations in paragraph 36 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

37.     Denies the allegations in paragraph 37 of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40.     Denies the allegations in paragraph 40 of the complaint.

41.     Denies the allegations in paragraph 41 of the complaint.

42.     Denies the allegations in paragraph 42 of the complaint.

43.     In response to the allegations in paragraph 43 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

44.     Denies the allegations in paragraph 44 of the complaint.

45.     Denies the allegations in paragraph 45 of the complaint.

46.     Denies the allegations in paragraph 45 of the complaint.

47.     In response to the allegations in paragraph 47 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

48.     Denies the allegations in paragraph 48 of the complaint.

49.     Denies the allegations in paragraph 49 of the complaint.

50.     Denies the allegations in paragraph 50 of the complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52.     Denies the allegations in paragraph 52 of the complaint.

53.     Denies the allegations in paragraph 53 of the complaint.

54.     In response to the allegations in paragraph 54 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

55.     Denies the allegations in paragraph 55 of the complaint.

56.     Denies the allegations in paragraph 56 of the complaint.

57.     Denies the allegations in paragraph 57 of the complaint.

58.     Denies the allegations in paragraph 58 of the complaint.

59.     In response to the allegations in paragraph 59 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

60.     Denies the allegations in paragraph 60 of the complaint, except states that the allegations regarding a duty are are legal conclusions to which no responsive pleading is required.

61.     Denies the allegations in paragraph 61 of the complaint.

62.     Denies the allegations in paragraph 62 of the complaint.

63.     Denies the allegations in paragraph 63 of the complaint.

64.     Denies the allegations in paragraph 64 of the complaint.

65.     In response to the allegations in paragraph 65 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

66.     Denies the allegations in paragraph 66 of the complaint.

67.     Denies the allegations in paragraph 67 of the complaint.

68.     Denies the allegations in paragraph 68 of the complaint.

69.     Denies the allegations in paragraph 69 of the complaint.

70.     In response to the allegations in paragraph 70 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

71.     Denies the allegations in paragraph 71 of the complaint.

72.     Denies the allegations in paragraph 72 of the complaint.

73.     Denies the allegations in paragraph 73 of the complaint.

74.     Denies the allegations in paragraph 74 of the complaint.

75.     In response to the allegations in paragraph 75 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

76.     Denies the allegations in paragraph 76 of the complaint.

77.     Denies the allegations in paragraph 77 of the complaint.

78.     Denies the allegations in paragraph 78 of the complaint.

79.     In response to the allegations in paragraph 79 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

80.     Denies the allegations in paragraph 80 of the complaint.

81.     Denies the allegations in paragraph 81 of the complaint.

82.     In response to the allegations in paragraph 82 of the complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

83.     Denies the allegations in paragraph 83 of the complaint.

84.     Denies the allegations in paragraph 84 of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

85.     The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

86.     Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

87.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

### FOURTH AFFIRMATIVE DEFENSE:

88.     There was probable cause for plaintiff's arrest.

### FIFTH AFFIRMATIVE DEFENSE:

89.     At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

### SIXTH AFFIRMATIVE DEFENSE:

90.     To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's

failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## SEVENTH AFFIRMATIVE DEFENSE:

91.    Plaintiff failed to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE:

92.    Plaintiff has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE:

93.    Plaintiff's state and federal law claims are barred, in whole or in part, under the applicable statutes of limitations.

**WHEREFORE**, defendant The City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             February 12, 2016


                                  ZACHARY W. CARTER
                                  Corporation Counsel of the
                                  City of New York
                                  100 Church Street, Rm. 3-312
                                  New York, New York 10007
                                  (212) 356-2335
                                  efudim@law.nyc.gov


                          By:      /S ELISSA FUDIM
                                  Elissa P. Fudim
                                  Senior Counsel

TO:    Gabriel Harvis, Esq. (By ECF)
        Kim Richmond, Esq. (By ECF)
        *Attorneys for Plaintiff*

- 8 -