```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
XING MIN ZHUANG,

                Plaintiff,
                                        ORDER
     -against-                          15-CV-06325
                                        (KAM)(RML)
CITY OF NEW YORK; Detective ADOLPH
OSBACK; Detective STEPHEN ANDERSON;
and JOHN and JANE DOE 3 through 10,
individually and in their official
capacities (the names John and Jane
Doe being fictitious, as the true
names are presently unknown),

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

In his First Amended Complaint, Plaintiff Xing Min Zhuang ("plaintiff") alleges that on or around May 26, 2007, at around 10:00 p.m., he was approached by Detective Adolph Osback, who was acting as an undercover police officer. (Dkt. 23, First Amended complaint ("Am. Compl.") ¶ 15-17.) Plaintiff alleges that Detective Osback and the unidentified police officer defendants then violently arrested him, despite lacking even arguable probable cause, and filed false arrest reports with the Queens County District Attorney's Office. *Id.* ¶ 20. Detective Stephen Anderson was allegedly aware of plaintiff's innocence but failed to intervene and prevent the malicious prosecution of plaintiff. *Id.* ¶¶ 25-27. Ninety-two months after plaintiff's arrest, on January 28, 2015, all criminal charges against plaintiff were

dismissed. *Id.* ¶¶ 24, 28. Plaintiff maintains that the officers did not observe plaintiff engage in any unlawful behavior to justify his arrest and prosecution. *Id.* ¶ 21.

Plaintiff seeks damages under state and federal law for malicious prosecution against all defendants, id. ¶¶ 34-44; denial of his constitutional right to a fair trial against the individual defendants, id. ¶¶ 45-49; negligence and negligent hiring, training, and retention against New York City, id. ¶¶ 50-55; intentional infliction of emotional distress against the individual defendants and New York City, id. ¶¶ 56-60; negligent infliction of emotional distress against the individual defendants and New York City,[1] id. ¶¶ 61-65; failure to intervene against the individual defendants, id. ¶¶ 66-69; bias-based profiling claims under the New York City Human Rights Law against the individual defendants, and *Monell* claims against New York City, id. ¶¶ 73-75.

---

[1] The allegations regarding negligent infliction of emotional distress include the header "Against Defendant Osback," but makes claims against all of the officer defendants. (Dkt. 32, Am. Compl. at 10-11.)

2

Plaintiff filed his complaint on November 4, 2015. (Dkt. 1, Complaint.) Defendant Osback was served with the Summons and Complaint on December 23, 2015, at One Police Plaza as instructed by the Assistant Corporation Counsel and plaintiff filed proof of service on January 4, 2016. (Dkt. 7, Affidavit of Service on Adolph Osback.) Osback is unrepresented and has neither appeared nor taken any action in this case. On June 3, 2016, the Clerk of Court issued a certificate of default against Osback. Plaintiff now moves for entry of a default judgment against Osback.[2] (*See* Dkt. 14, Motion for Default Judgment; Dkt. 17, Reply in Support of Motion for Default Judgment.) For the foregoing reasons, the motion is denied without prejudice.

At this stage in the litigation, it is premature to enter judgment against Osback. Where one defendant defaults in a multi-defendant case in which the liability of one defendant may necessarily depend on the liability of another, the district court

---

[2] Plaintiff filed the First Amended Complaint on March 9, 2017, in which he added defendant Detective Stephen Anderson and discontinued the claims of unlawful stop and search, false arrest, and state law false imprisonment and false arrest. Because the First Amended Complaint replaces the initial complaint, the claims not set forth in the First Amended Complaint are deemed abandoned.

3

should not enter "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). "The purpose of this rule is to prevent inconsistent judicial decrees that arise if a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial." *Peralta v. Roros 940, Inc.*, No. 11-CV-6242, 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 7, 2016) (internal quotations omitted).

Delaying entry of the default judgment against Osback is appropriate here. Plaintiff has alleged that multiple police officers participated in his illegal arrest and prosecution. (Dkt. 32, Am. Compl. ¶¶ 19-21.) It is probable that plaintiff will amend his complaint again as the identities of the John and Jane Doe defendants become known. Moreover, the John and Jane Doe defendants may defend the action; because their liability in the alleged offenses may be consistent with that of Osback, it is appropriate to delay entry of default judgment until the action is decided on the merits as to them. Moreover, plaintiff must present adequate evidence of the damages he seeks, either at a damages inquest or by submission.

4

Accordingly, plaintiff's motion for entry of a default judgment against defendant Osback is DENIED without prejudice to renewal, pending the outcome of this case against the remaining individual defendants.

**SO ORDERED.**

Dated:   March 23, 2017
         Brooklyn, New York

                                       _____/s/_____
                                       Kiyo A. Matsumoto
                                       United States District Judge