UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

XING MIN ZHUANG,                                   15-CV-06325

                              Plaintiff,    **ANSWER TO FIRST AMENDED COMPLAINT**

      -against-

CITY OF NEW YORK, et al.      **JURY TRIAL DEMANDED**

                          Defendants.
--------------------------------------------------------x

        Defendant, The City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the first amended complaint, filed March 9, 2017, respectfully:

        1.     Denies the allegations in paragraph 1 of the first amended complaint, except admits that plaintiff has commenced an action as set forth therein.

        2.     Denies the allegations in paragraph 2 of the first amended complaint, except admits that plaintiff has commenced an action as stated therein.

        3.     Denies the allegations in paragraph 3 of the first amended complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.     Denies the allegations in paragraph 4 of the first amended complaint, except admits that plaintiff purports to base venue in this district as stated therein.

        5.     Denies the allegations in paragraph 5 of the first amended complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

6. Denies the allegations in paragraph 6 of the first amended complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

7. States that paragraph 7 of the first amended complaint is a jury demand and is therefore not an allegation to which responsive pleading is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the first amended complaint.

9. Denies the allegations in paragraph 9 of the first amended complaint, except admits that the City maintains a police department and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

10. Denies the allegations in paragraph 10 of the first amended complaint, except admits that as of May 26, 2007, Adolph Osback was employed by the City as a police officer, and admits that plaintiff purports to proceed against Mr. Osback as stated therein.

11. Denies the allegations in paragraph 11 of the first amended complaint, except admits that as of May 26, 2007, Steven Anderson was employed by the City as a police officer, and admits that plaintiff purports to proceed against Mr. Anderson as stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the first amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the first amended complaint.

14. States that the allegations in paragraph 14 of the first amended complaint are legal conclusions that do not require a response.

- 3 -

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the first amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the first amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the first amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the first amended complaint.

19. Denies the allegations in paragraph 19 of the first amended complaint.

20. Denies the allegations in paragraph 20 of the first amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the first amended complaint.

22. Denies the allegations in paragraph 22 of the first amended complaint.

23. Denies the allegations in paragraph 23 of the first amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the first amended complaint.

25. Denies the allegations in paragraph 25 of the first amended complaint and refers to the "sworn testimony" for a recitation of its contents.

26. States that paragraph 26 of the first amended complaint contains a legal conclusion and therefore is not an allegation to which responsive pleading is required.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the complaint.

28. Admits on information and belief the allegations in paragraph 28 of the first amended complaint.

29. Denies the allegations in paragraph 9 of the first amended complaint, except admits on information and belief that a document purporting to be a notice of claim was received by the Comptroller's Office on or about March 19, 2015.

30. Denies the allegations in paragraph 30 of the first amended complaint, except admits that more than 30 days have elapsed and that plaintiff's claim has not been adjusted or paid.

31. Denies the allegations in paragraph 31 of the first amended complaint, except admits that this action was filed on November 4, 2015.

32. Denies the allegations in paragraph 32 of the first amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the first amended complaint.

34. In response to the allegations in paragraph 34 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

35. Denies the allegations in paragraph 35 of the first amended complaint.

36. Denies the allegations in paragraph 36 of the first amended complaint.

37. Denies the allegations in paragraph 37 of the first amended complaint.

38. In response to the allegations in paragraph 38 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

39. Denies the allegations in paragraph 39 of the first amended complaint.

40. Denies the allegations in paragraph 40 of the first amended complaint.

41. Denies the allegations in paragraph 41 of the first amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the first amended complaint.

43. Denies the allegations in paragraph 43 of the first amended complaint.

44. Denies the allegations in paragraph 44 of the first amended complaint.

45. In response to the allegations in paragraph 45 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

46. Denies the allegations in paragraph 46 of the first amended complaint.

47. Denies the allegations in paragraph 47 of the first amended complaint.

48. Denies the allegations in paragraph 48 of the first amended complaint.

49. Denies the allegations in paragraph 49 of the first amended complaint.

50. In response to the allegations in paragraph 50 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

51. Denies the allegations in paragraph 51 of the first amended complaint, except states that the allegations regarding a duty are legal conclusions to which no responsive pleading is required.

52. Denies the allegations in paragraph 52 of the first amended complaint.

53. Denies the allegations in paragraph 53 of the first amended complaint.

54. Denies the allegations in paragraph 54 of the first amended complaint.

55. Denies the allegations in paragraph 55 of the first amended complaint.

56. In response to the allegations in paragraph 56 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

57. Denies the allegations in paragraph 57 of the first amended complaint.

58. Denies the allegations in paragraph 58 of the first amended complaint.

59. Denies the allegations in paragraph 59 of the first amended complaint.

60. Denies the allegations in paragraph 60 of the first amended complaint.

61. In response to the allegations in paragraph 61 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

62. Denies the allegations in paragraph 62 of the first amended complaint.

63. Denies the allegations in paragraph 63 of the first amended complaint.

64. Denies the allegations in paragraph 64 of the first amended complaint.

65. Denies the allegations in paragraph 65 of the first amended complaint.

66. In response to the allegations in paragraph 66 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

67. Denies the allegations in paragraph 67 of the first amended complaint.

68. Denies the allegations in paragraph 68 of the first amended complaint.

69. Denies the allegations in paragraph 69 of the first amended complaint.

70. In response to the allegations in paragraph 70 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

71. Denies the allegations in paragraph 71 of the first amended complaint.

72. Denies the allegations in paragraph 72 of the first amended complaint.

73. In response to the allegations in paragraph 73 of the first amended complaint, defendant realleges the responses in the previous paragraphs as if fully set forth herein.

74. Denies the allegations in paragraph 74 of the first amended complaint.

75. Denies the allegations in paragraph 75 of the first amended complaint.

**FIRST AFFIRMATIVE DEFENSE:**

76. The first amended complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

77. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

78. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

**FOURTH AFFIRMATIVE DEFENSE:**

79. There was probable cause for plaintiff's arrest.

### FIFTH AFFIRMATIVE DEFENSE:

80. At all times relevant to the acts alleged in the first amended complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

### SIXTH AFFIRMATIVE DEFENSE:

81. To the extent that the first amended complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

### SEVENTH AFFIRMATIVE DEFENSE:

82. Plaintiff failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE:

83. Plaintiff has an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE:

84. Plaintiff's claims are barred, in whole or in part, by the statutes of limitations.

**WHEREFORE**, defendant The City of New York demands judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          March 24, 2017

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street, Rm. 3-312
New York, New York 10007
(212) 356-2335
efudim@law.nyc.gov

By:   /S ELISSA FUDIM
       Elissa P. Fudim
       Senior Counsel

TO:   Gabriel Harvis, Esq. (By ECF)
       Kim Richmond, Esq. (By ECF)
       *Attorneys for Plaintiff*